802 F.2d 658
 55 USLW 2262
 Antonio CIPOLLONE, individually and as Executor of the
Estate of Rose D. Cipollone
v.
LIGGETT GROUP, INC., etc.
Appeal of LIGGETT GROUP, INC.
Appeal of LOEW'S THEATRES, INC.
 Nos. 85-5073, 85-5074.
 United States Court of Appeals,
Third Circuit.
 Sept. 29, 1986.
 
 Before GIBBONS, SLOVITER and STAPLETON, Circuit Judges.
 OPINION ON MOTION TO VACATE
 GIBBONS, Circuit Judge:
 
 
 1
 Antonio Cipollone, individually and as an Executor of the Estate of Rose D. Cipollone, asks this court to vacate its judgment and opinion in Cipollone v. Liggett Group, 789 F.2d 181 (3d Cir.1986). Cipollone alleges that one member of the panel that decided that appeal, the Honorable James Hunter, III, should have recused himself because his participation created an appearance of partiality. We deny the motion.
 
 
 2
 The underlying case is a products liability action in which Cipollone seeks money damages from several cigarette manufacturers for cigarette-induced injury and death. In an interlocutory appeal pursuant to 28 U.S.C. Sec. 1292(b) (1982), the panel held that some of Cipollone's claims are preempted by the Federal Cigarette Labeling and Advertising Act, 15 U.S.C. Secs. 1331-1342 (1982 & Supp. III 1985). That Act was passed in 1965, Pub.L. 89-92, July 27, 1965, 79 Stat. 282.
 
 
 3
 Judge Hunter was appointed to this court in 1971. Cipollone contends that an appearance of partiality arose because Judge Hunter, while in private practice, represented The American Tobacco Company in a case involving a similar products liability claim. That case, Lapp v. American Tobacco Company, No. L-21590-63 (N.J.Super.Ct.Law Div.) was filed in the Superior Court of New Jersey in 1964, and was terminated, as to American Tobacco Company, on February 10, 1966. American Tobacco Company is not a defendant in Cipollone's case. Furthermore, the preemptive effect of the Federal Cigarette Labeling and Advertising Act could not have been an issue in the Lapp case, since the events giving rise to that action occurred before the passage of that Act.
 
 
 4
 Even if American Tobacco Company were a party to the Cipollone case, the long passage of time since Judge Hunter's last representation of that Company requires the conclusion that no reasonable person could question his impartiality. See, e.g., Chittimacha Tribe of Louisiana v. Harry L. Laws Company, Inc., 690 F.2d 1157, 1166 (5th Cir.1982), cert. denied, 464 U.S. 814, 106 S.Ct. 69, 78 L.Ed.2d 83 (1983) (recusal not warranted where judge had represented the defendant in unrelated matters at least six years earlier); Jenkins v. Bordenkircher, 611 F.2d 162, 165-67 (6th Cir.1979), cert. denied, 446 U.S. 943, 100 S.Ct. 2169, 64 L.Ed.2d 798 (1980) (recusal not required where trial judge had prosecuted defendant for several unrelated crimes during the period four to thirteen years prior to the time of trial); Gravenmier v. United States, 469 F.2d 66, 67 (9th Cir.1972) (where trial judge was of counsel in prior prosecution six years before present unrelated prosecution, recusal not required); Darlington v. Studebaker-Packard Corp., 261 F.2d 903, 906 (7th Cir.), cert. denied, 359 U.S. 992, 79 S.Ct. 1121, 3 L.Ed.2d 980 (1959) (recusal not warranted where trial judge had represented defendant in unrelated matters for a period of four to five years which ended three to four years before judge's decision); Royal Air Maroc v. Servair, Inc., 603 F.Supp. 836 (S.D.N.Y.1985) (prior representation by trial judge of defendant's parent corporation in unrelated matter twelve years earlier no basis for recusal).
 
 
 5
 Cipollone contends that even though Judge Hunter has no relationship, professional or otherwise, with any party to this appeal, his impartiality may reasonably be questioned because of his prior knowledge of the issues it presents. As noted above, the preemption issue on which this appeal turns was not presented in the Lapp case. Thus there is no factual nexus between the prior representation about which Cipollone complains and the issues which Judge Hunter resolved. In any event, prior knowledge about legal issues is not a ground for recusal of a Judge. 28 U.S.C. Sec. 455(b)(1) (1982), provides that a judge shall also disqualify himself where he has "personal knowledge of disputed evidentiary facts" concerning the proceeding. Plechner v. Widener College, Inc., 569 F.2d 1250, 1263 (3d Cir.1977). Cipollone does not assert that Judge Hunter has knowledge of evidentiary facts. If Judges could be disqualified because their background in the practice of law gave them knowledge of the legal issues which might be presented in cases coming before them, then only the least-informed and worst-prepared lawyers could be appointed to the bench.
 
 
 6
 The motion to vacate the judgment and opinion in Cipollone v. Liggett Group, 789 F.2d 181 (3d Cir.1986), will be denied.