UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 00-30687
Summary Calendar

REPUBLIC OF PANAMA, Plaintiff-Appellee,

v.

THE AMERICAN TOBACCO COMPANY, INC. ET AL., Defendants,

FORTUNE BRANDS, INC., formerly known as American Brands Inc.;
R.J. REYNOLDS TOBACCO COMPANY; BROWN & WILLIAMSON TOBACCO
CORPORATION, Individually and as successor by merger to The
American Tobacco Company; BATUS, INC.; BATUS HOLDINGS, INC.; PHILIP
MORRIS INCORPORATED; PHILIP MORRIS COMPANIES, INC.; LORILLARD
TOBACCO CO.; LIGGETT GROUP INC.; THE TOBACCO INSTITUTE, INC.;
QUAGLINO TOBACCO AND CANDY COMPANY, INC.; J&R VENDING SERVICES,
INC., Defendants-Appellants.

SAO PAULO STATE, of the Federative Republic of Brazil,
Plaintiff-Appellee,

v.

THE AMERICAN TOBACCO COMPANY, INC. ET AL., Defendants,

FORTUNE BRANDS, INC., formerly known as American Brands Inc.;
R.J. REYNOLDS TOBACCO COMPANY; BROWN & WILLIAMSON TOBACCO
CORPORATION, Individually and as successor by merger to The
American Tobacco Company; BATUS, INC.; BATUS HOLDINGS, INC.; PHILIP
MORRIS INCORPORATED; PHILIP MORRIS COMPANIES, INC.; LORILLARD
TOBACCO CO.; LIGGETT GROUP INC.; THE TOBACCO INSTITUTE, INC.;
QUAGLINO TOBACCO AND CANDY COMPANY, INC.; J&R VENDING SERVICES,
INC., Defendants-Appellants.

Appeals from the United States District Court
for the Eastern District of Louisiana

May 14, 2001

Before EMILIO M. GARZA, STEWART, and PARKER, Circuit Judges.

PER CURIAM:

In light of our prior decision in *Republic of Panama v. The American Tobacco Co.*, 217 F.3d 343 (5th Cir. 2000), the district court's order denying recusal is REVERSED. The district court's orders remanding this action to state court and denying Appellants' renewed request and motion for stay are VACATED. We REMAND this action to the district court for reassignment by the Chief Judge of the district court to a different judge for further proceedings.

Reversed in part and vacated in part; remanded for further proceedings consistent with this opinion.

ROBERT M. PARKER, Circuit Judge, concurring specially:

While I agree with my colleagues that we are bound by precedent, I write separately because I believe that *Republic of Panama* was wrongly decided. In that decision, a panel of this court held that the district judge abused his discretion by not recusing himself because the judge's name was listed along with Appellee's counsel on a motion for leave to file an amicus brief in an unrelated action asserting allegations similar to Appellee's.

Such facts do not establish that a reasonable person aware of all the facts would reasonably question the judge's impartiality

under 28 U.S.C. § 455(a). *See Chitimacha Tribe of Louisiana v. Harry L. Laws Co.*, 690 F.2d 1157, 1165 (5th Cir. 1982), *cert. denied*, 464 U.S. 814 (1983). The district judge's name was erroneously listed on the motion for leave to file an amicus brief on behalf of the Louisiana Trial Lawyers' Association ("LTLA"), a voluntary bar organization that routinely expresses legal viewpoints to courts through amicus briefs. The district judge did not participate directly in the researching, writing, or approval of the brief itself, and his name does not appear on the brief. Moreover, the motion and brief were filed more than ten years ago in an unrelated action in Louisiana Supreme Court before the judge's appointment to the federal judiciary. These facts are simply too tenuous to support any reasonable basis for questioning the judge's impartiality, and even if these facts clearly raise the issue of impartiality, it is error to conclude that the judge abused his sound discretion in denying the motion for recusal.

*Republic of Panama* incorrectly relied on *Bradshaw v. McCotter*, 785 F.2d 1327 (5th Cir.), *rev'd*, 796 F.2d 100 (5th Cir. 1986), as presenting a "somewhat similar" factual situation. In *Bradshaw*, we held that a judge of the Texas Court of Criminal Appeals should have disqualified himself because at the time of the defendant's conviction the judge's name was listed as a prosecuting attorney on a brief opposing the defendant's appeal, even though the listing was simply a matter of courtesy and protocol. Notwithstanding the

3

irrelevance of whether the judge actually participated in the preparation of the brief, *Bradshaw* is distinguishable from *Republic of Panama* and this action because in *Bradshaw* the judge, before taking the bench, was listed as the prosecuting attorney *in the same case* on appeal before him. In *Republic of Panama* and this action, the district judge was merely listed as the president of the LTLA on a motion for leave to file an amicus brief in an unrelated action before a different court more than ten years ago.

While *Republic of Panama* notes that there are no decisions precisely on point, relevant decisions confirm that the district judge's denial of Appellants' motion for recusal was not improper. In *Laird v. Tatum*, 409 U.S. 824 (1972) (Rehnquist, J., mem.), then-Associate Justice Rehnquist decided not to disqualify himself on the basis of his public statements on the constitutionality of governmental surveillance, which was contrary to the arguments of the parties seeking his disqualification. As a Department of Justice lawyer, Justice Rehnquist had testified as an expert witness before the Senate and publicly stated his views on the constitutionality of governmental surveillance of civilian political activity. He testified that the arguments of the parties seeking disqualification, whose appeal was before the court of appeals during the testimony, lacked merit. Framing the issue as whether disqualification is proper if a judge, "who[,] prior to taking that office[,] has expressed a public view as to what the

4

law is or ought to be should later sit as a judge in a case raising that particular question," *id.* at 830, Justice Rehnquist analyzed the practices of prior justices, who did not disqualify themselves in cases in which they, prior to taking the bench, previously expressed a viewpoint of the controlling law, and concluded that such public statements could not rationally be the basis for disqualification. *Id.* at 835-36; *see also United States v. Alabama*, 828 F.2d 1532, 1542 (11th Cir. 1987) (rejecting, in an action challenging segregation in education, disqualification of a district judge on the basis of his background as a civil rights lawyer representing black plaintiffs and stating "[a] judge is not required to recuse himself merely because he holds and has expressed certain views on a general subject."), *cert. denied*, 487 U.S. 1210 (1988); *Shaw v. Martin*, 733 F.2d 304, 325 (4th Cir.) ("One who has voted as a legislator in favor of a statute permitting the death penalty in a proper case cannot thereafter be presumed disqualified to hear capital cases as a judge or predisposed to give a death sentence in any particular case."), *icert. denied*, 469 U.S. 873 (1984). While *Laird* was decided prior to the amendment of § 455[1] to include subsection (a),[2] Justice

---

[1]     Before the 1974 amendment, § 455 stated:

     Any justice or judge of the United States shall disqualify himself in any case in which he has a substantial interest, has been of counsel, is or has been a material witness, or is so related to or connected with

5

Rehnquist's analysis is important because the motion seeking disqualification based on his prior public statements was not pursuant to any specific provision of § 455 at the time, but on the discretionary portion of the statute, *see Tatum*, 409 U.S. at 830, which was similar to the "catchall" provision of § 455(a).

Similarly, in *Schurz Communications, Inc. v. FCC*, 982 F.2d 1057 (7th Cir. 1993) (Posner, J.), Judge Posner denied a motion for disqualification based on an affidavit he submitted as an expert witness on antitrust law prior to becoming a circuit judge. In rejecting the motion, Judge Posner stated "[t]he affidavit repeated views about antitrust policy that I had stated in many different fora over a period of years, and the movants do not and could not argue that a judge should disqualify himself because he has views on a case." *Id.* at 1062 (citing 13A CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 3542 at 568-70 (1st ed. 1975)).

Finally, *Cipollone v. Liggett Group, Inc.*, 802 F.2d 658 (3d Cir. 1986), is also important. In *Cipollone*, the husband of a deceased cigarette smoker brought a products liability action

---

any party or his attorney as to render it improper, in his opinion, for him to sit on the trial, appeal, or other proceeding therein.

28 U.S.C. § 455 (1970), *amended by* 28 U.S.C. § 455(a) - (f) (2000).

[2] The 1974 amendment created § 455(a), which states that "Any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."

against cigarette manufacturers alleging that his wife's injury and death were cigarette-induced. A panel of the Third Circuit held that some of the plaintiff's claims were federally preempted. The plaintiff then moved to vacate the judgment because a member of the panel should have recused himself due to an appearance of partiality. The plaintiff alleged that such appearance of partiality arose because the judge, while in private practice, represented The American Tobacco Company, which was not a defendant in the plaintiff's action, in a similar products liability action The court denied the motion because The American Tobacco Company was not a defendant, the issue of preemption was not raised in the prior litigation involving the judge, and even if The American Tobacco Company were a defendant no reasonable person could question the judge's impartiality because his representation ended more than five years before he took the bench. *Id.* at 658-59.

In light of these decisions, I am convinced that *Republic of Panama* is erroneous because it requires recusal on the basis of a judge's public statements on the law made prior to becoming a judge, which I believe is unreasonable under § 455(a). In denouncing such "public statement disqualification," Justice Rehnquist aptly observed that

> [i]t would not be merely unusual, but extraordinary, if [judges] had not at least given opinions as to [legal] issues in their previous careers. Proof that a [judge's] mind at the time he joined the [c]ourt was a complete tabula rasa . . . would be evidence of lack of

qualification, not lack of bias.

*Laird*, 409 U.S. at 835; *cf. Liteky v. United States*, 510 U.S. 540, 554 (1994) (Scalia, J.) ("[S]ome opinions [of a judge] acquired outside the context of judicial proceedings (for example, the judge's view of the law acquired in scholarly reading) will not suffice [for recusal]") (emphasis omitted); *Cipollone*, 802 F.2d at 660 ("If Judges could be disqualified because their background in the practice of law gave them knowledge of the legal issues which might be presented in cases coming before them, then only the least-informed and worst-prepared lawyers could ever be appointed to the bench."). Before taking the bench, we judges solemnly swear or affirm to "faithfully and impartially discharge and perform all the duties," 28 U.S.C. § 653, regardless of our background. To conclude that the district judge abused his discretion in this action would penalize judges for their background and undermine the oath. Thus, I believe we should reconsider *Republic of Panama* en banc.