REVISED, July 20, 2000

# IN THE UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

No. 99-30685

REPUBLIC OF PANAMA,

Plaintiff-Appellee,

versus

THE AMERICAN TOBACCO COMPANY INC; ET AL,

Defendants,

and

FORTUNE BRANDS INC, formerly known as American Brands Inc; R.
J. REYNOLDS TOBACCO COMPANY; RJR NABISCO INC; BROWN &
WILLIAMSON TOBACCO CORPORATION, individually and as
successor by merger to The American Tobacco Company; BATUS
INCORPORATED; BATUS HOLDINGS INCORPORATED; PHILLIP MORRIS
INC; PHILLIP MORRIS COMPANIES, INC; LORILLARD TOBACCO CO;
LORILLARD INCORPORATED; LOEWS CORPORATION; THE TOBACCO INSTITUTE
SERVICES, INC; LIGGET GROUP INC,

Defendants-Appellants.

Appeals from the United States District Court
for the Eastern District of Louisiana

July 17, 2000

Before EMILIO M. GARZA, DEMOSS, and STEWART, Circuit Judges.

CARL E. STEWART, Circuit Judge:

The defendants appeal the district court's denial of their motion to recuse, the denial of their motion for a stay of proceedings, and the grant of the plaintiff's motion to remand the present action to state court. For the following reasons we reverse.

## FACTUAL AND PROCEDURAL BACKGROUND

In October 1998, The Republic of Panama ("Panama") filed the present underlying action in Louisiana state court. Panama alleges that the defendant tobacco companies conspired to conceal the addictiveness and health risks of tobacco. Panama seeks damages for past and future health costs for diseases caused by smoking. The defendant tobacco companies subsequently removed the case to federal court. In December 1998, Panama filed a motion to remand the case to state court. In January 1999, before responding to the motion for remand, the defendants moved to recuse the district court judge assigned to the case, Judge Carl Barbier (" Judge Barbier" or "district court").

Prior to his appointment to the district court, Judge Barbier was president of the Louisiana Trial Lawyer's Association ("LTLA") from approximately October 1989-October 1990. In April 1991, LTLA submitted an amicus brief on behalf of the plaintiffs in a product liability suit against tobacco companies. The LTLA amicus brief alleged that smoking was addictive and caused cancer. The LTLA amicus brief also stated that the tobacco companies have known the dangers of smoking for decades. Judge Barbier's name was listed on the brief as president of LTLA. In February 1999, Judge Barbier denied the motion to recuse, stating that he had not participated in the actual writing of the brief and that his term as president had ended when the brief was filed.

The defendants filed a motion with the Panel on Multidistrict Litigation ("MDL Panel") to have the current case consolidated for pretrial proceedings in the District Columbia. At the time the motion was filed there were six other suits ongoing in the federal court between foreign countries and these defendant tobacco companies. The defendants sought a stay of proceedings in the district court pending the MDL Panel's ruling on whether to transfer the case. Appellants claim that Panama consented to this motion. The district court denied the motion for a stay. The defendants argued their motion for transfer before the MDL panel on May 21, 1999. On May 28, 1999 the district court ordered that the case be remanded to state court. On June 10, 1999 the MDL Panel granted the defendants' motion for transfer of the proceedings.

**Discussion**

I.      Recusal

Appellants argue that the district court abused its discretion in failing to grant its motion for recusal. The appellants contend that despite 28 U.S.C. § 1447(d) which states that remand orders are not reviewable on appeal, a remand order may be vacated if it is rendered following a district court's erroneous ruling on recusal. Appellees contend that a recusal order is not reviewable on appeal, because recusal decisions are subject to review only by an application for writ of mandamus.

A.  Procedural Issues

First, we address the appellee's contention that a recusal decision may not be reviewed on appeal, but instead must be presented for review immediately by writ of mandamus. This court addressed a similar question in Tramonte v. Chrysler Corporation, 136 F.3d 1025,1027-29 (5th

3

Cir. 1998). In Tramonte, the plaintiff filed a class action lawsuit against Chrysler Corporation. The defendant, Chrysler, moved for recusal because the district court judge had family members who owned Chrysler vehicles and who were therefore potential class members. Id. at 1027. The district court judge declined to recuse stating that none of her family members were interested in becoming part of the class. Id. Following this ruling on recusal, the district court remanded the suit to state court. The defendant attacked the recusal decision by petitioning for a writ of mandamus, and the petition was denied. The defendant then appealed the order refusing to recuse, and the remand to state court. In Tramonte, the court reviewed the district court judge's refusal to recuse even though the petition for writ of mandamus had been denied. This court concluded that "mandamus is only appropriate in extraordinary circumstances, typically where relief is unavailable on appeal..accordingly...[a party] is free to relitigate the recusal issue on appeal." Id. at 1028. Based on this reasoning we conclude that a party may appeal a recusal issue even when the party never applied for a writ of mandamus. The appellees cite various Seventh Circuit cases for the proposition that refusals to recuse may only be reviewed by applying for a writ of mandamus, however, this court has never adopted that viewpoint and this court's decision in Tramonte clearly supports a party's ability to litigate a recusal issue for the first time on appeal.

Next, 28 U.S.C. § 1447(d) generally insulates the district court's remand order from appellate review. However, this court held in Tramonte that if the district court judge should have recused himself any orders entered following disposition of the recusal motion should be vacated. Id. We found that when the district court judge should have been recused, vacating the remand order is a "ministerial task" unrelated to the remand order itself, and thus not prohibited by § 1447(d). Id. Appellees also concede that if this court finds that the recusal order itself is

4

reviewable, and we decide on the merits that the district court judge should have been recused the remand order should be vacated on this basis. Thus, if we find that the district court judge should have been recused the remand order should be vacated. Id. at 1028.

We now address the merits of the district court's denial of the motion to recuse. Denial of recusal is reviewed for abuse of discretion. Trevino v. Johnson, 168 F.3d 173, 178 (5th Cir. 1999). Appellants argue that Judge Barbier should have recused himself pursuant to 28 U.S.C. § 455(a) ("§455(a)"). Section 455(a) states that a judge should recuse himself "in any proceeding in which his impartiality might reasonably be questioned." "In order to determine whether a court's impartiality is reasonably in question, the objective inquiry is whether a well-informed, thoughtful and objective observer would question the court's impartiality." Trust Co. v. N.N.P., 104 F.3d 1478, 1491 (5th Cir. 1997) (citing United States v. Jordan, 49 F.3d 152, 155-58 (5th Cir.1995)). The review of a recusal order under § 455(a) is "extremely fact intensive and fact bound," thus a close recitation of the factual basis for the appellants recusal motion is necessary. As this court has previously pointed out, the purpose of § 455(a), and the principle of recusal itself is not just to prevent *actual* partiality, but to "avoid even the appearance of partiality." Jordan, 49 F.3d at 155. The analysis of a § 455(a) claim must be guided, not by comparison to similar situations addressed by prior jurisprudence, but rather by an independent examination of the facts and circumstances of the particular claim. United States v. Bremers, 195 F.3d 221, 225 (5th Cir. 1999) (citing Jordan, 49 F.3d at 157).

As stated above, before he was appointed to the district court Judge Barbier was president of the LTLA from approximately October 1989-1990. In April 1991, LTLA filed an amicus brief in a product liability case against tobacco companies in Louisiana state court. Judge Barbier's

5

name is listed on the "Motion for Leave to File Amicus Curiae Brief", which was filed with the amicus brief. Judge Barbier is listed on this filing as President of the LTLA. Also listed as counsel for this motion is Michael St. Martin, who is counsel for Panama in the present action. The amicus brief itself which was attached to the motion was signed by another attorney and does not list Judge Barbier as counsel. While arguably the facts of the Louisiana product liability suit and the present suit may be distinguishable, the amicus brief contained general statements about tobacco companies. These statements included that tobacco use is addictive. The amicus brief also stated that the defendant tobacco companies should be held liable because they were negligent in producing a product that was more dangerous than it was intended to be, and that the companies knew or should have known of the addictive nature of their cigarettes. In the present case, Panama similarly asserts that as a result of defective and dangerous design, testing, manufacturing, marketing and practices, the product produced by the defendants is defective and unreasonably dangerous.

Judge Barbier informed the parties that while his name is listed on the motion to file the amicus brief, it was placed on the motion by mistake. Judge Barbier also stated that his term as president of LTLA had ended by the time the brief was filed, and that he had nothing to do with the researching, writing, signing, or approval of the brief. Judge Barbier explained that in the LTLA the decision to file an amicus brief and the contents of those briefs is exclusively governed by the LTLA Amicus Committee.

While a review of our case law has not revealed a case which is precisely on point, a somewhat similar factual situation was at issue in Bradshaw v. McCotter, 785 F.2d 1327 (5th Cir. 1986), *rev'd* , 796 F.2d 100 (5th Cir. 1986). In Bradshaw, the defendant argued that a judge on

6

Texas Court of Criminal Appeals should have been disqualified because at the time of the defendant's conviction his name was listed on a brief as State Prosecuting Attorney in the defendant's appeal. Id. at 1328. The judge explained that he had not actually participated in the prosecution of the case at all, but his name had appeared on the brief simply as a matter of courtesy and protocol. We found that "whether [the judge] actually participated in [the] prosecution must be found to be immaterial." Id. a 1329. We further held that the appearance of the judge's name on the brief undermined the appearance of the judge's neutrality. Id.

In the present case, while there is no evidence of actual bias we must consider whether a reasonable person might harbor doubts about the trial judge's impartiality. The fact that Judge Barbier's name was listed on a motion to file an amicus brief which asserted similar allegations against tobacco companies to the ones made in this case may lead a reasonable person to doubt his impartiality. Also, Judge Barbier was listed on this filing with the attorney who is currently representing the Republic of Panama. The trial judge's assertions that he did not participate directly in the writing or researching of the amicus brief do not dissipate the doubts that a reasonable person would probably have about the court's impartiality. We acknowledge that this is a close case for recusal. However, we have previously held that if the question of whether § 455(a) requires disqualification is a close one the balance tips in favor of recusal. In Re: Chevron, 121 F.3d 163, 165 (5th Cir. 1997). Accordingly, we hold that a reasonable person might harbor doubts about the trial judge's impartiality, and thus the district court abused its discretion in denying the defendants' motion to recuse.

Having found that the district court should have granted the defendant's motion to recuse we now address the district court's subsequent decisions to remand the case to state court, and its

7

decision to stay the proceedings to await a decision on the defendant's motion before the MDL Panel to transfer the case. Because the district court should have recused itself the remand order and denial of the motion to stay proceedings, both entered following the disposition of the recusal motion should be vacated. Consequently we do not address the merits of the remand motion or the denial of the motion for stay. See Tramonte, 136 F.3d at 1028. ("if [the district court judge] should have recused [himself], any orders [he] entered following disposition of the recusal motion should be vacated.").

CONCLUSION

For the above reasons, we VACATE the order remanding this case to state court and REMAND this case to the Eastern District of Louisiana. We further direct the Chief Judge of the Eastern District of Louisiana to reassign this case for further proceedings before a different district judge in that district.