# SAO PAULO STATE OF THE FEDERATIVE REPUBLIC OF BRAZIL *v.* AMERICAN TOBACCO CO., INC., ET AL.

No. 01–835.   Decided April 1, 2002

PER CURIAM.

Section 455(a) of 28 U. S. C. (1994 ed.) provides that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." In this tobacco-products liability case, the Court of Appeals for the Fifth Circuit held that § 455(a) required disqualification of a District Judge whose name appeared erroneously, prior to his appointment to the bench, on a motion to file an *amicus* brief in a similar suit against some of the same defendants. *Republic of Panama* v. *American Tobacco Co.*, 250 F. 3d 315 (2001) *(per curiam) (Republic of Panama II)*. We grant the writ of certiorari and reverse.

Petitioner, Sao Paulo State, brought this suit against respondent tobacco companies in Louisiana state court. It alleged that respondents had conspired to conceal the health risks of smoking, thereby preventing it from adopting policies that would have reduced smoking by Sao Paulo citizens. It seeks compensation for the costs of treating their smoking-related health problems. The suit was removed to the United States District Court for the Eastern District of Louisiana and assigned to District Judge Carl J. Barbier, who had presided over a companion case, *Republic of Panama* v. *American Tobacco Co.*, No. 98–3279, 1999 WL 350030 (ED La., May 28, 1999) *(Republic of Panama I)*, vacated and remanded, 217 F. 3d 343 (CA5 2000). As in that case, respondents filed a motion seeking Judge Barbier's recusal under § 455(a) because of his involvement, prior to appointment to the bench, in a similar suit against some of the respondents.

Almost nine years before the present suit was commenced, Judge Barbier's name appeared on a motion to file an *amicus curiae* brief in *Gilboy* v. *American Tobacco Co.*, 582 So. 2d 1263 (La. 1991). The motion was submitted by the Louisiana Trial Lawyers Association (LTLA), and erroneously listed Judge Barbier as the association's president, a position from which he had retired about six months earlier. The motion also correctly listed as a member of the LTLA's

*amicus curiae* committee which approved the brief Michael St. Martin, who represents petitioner in the case before us. The *amicus* brief itself—which did not list either Judge Barbier or Mr. St. Martin—supported the *Gilboy* plaintiff's claim that cigarettes are addictive and cause cancer, and that the defendants failed to warn consumers about these dangers. Brief for LTLA as *Amicus Curiae* in No. 90–C–2686 (La. Sup. Ct.), App. to Brief in Opposition 9a; *Gilboy, supra,* at 1266.

Respondents argued that Judge Barbier's association with the *Gilboy amicus* brief created an "appearance of partiality" requiring disqualification under § 455(a). Brief in Opposition 3. Judge Barbier disagreed. Adopting his reasons for denying recusal in *Republic of Panama I,* he refused to disqualify himself because his name appeared in error on the motion to file the *amicus* brief and because he took no part in preparation or approval of the brief. Minute Entry in Civ. Action Nos. 00–0922, 98–3279 (ED La., May 26, 2000), App. to Pet. for Cert. 43a; Tr. of Proceeding on Motion for Recusal in *Republic of Panama I,* pp. 21, 37–40 (Feb. 3, 1999), App. to Pet. for Cert. 48a–51a (Tr. of Proceeding). Indeed, he was previously unaware of it, which he found unsurprising because the LTLA affixed the president's name to all motions to file *amicus* briefs, despite the fact that the president had absolutely no role in preparation or approval of the briefs. Tr. of Status Conf. in *Republic of Panama I,* pp. 7–8 (Dec. 21, 1998), App. to Pet. for Cert. 53a (Tr. of Status Conf.); Tr. of Proceeding 37–40, App. to Pet. for Cert. 49a–51a. Judge Barbier also noted in *Republic of Panama I* that he had never practiced law with Mr. St. Martin or any other lawyer listed on the motion, had no personal knowledge of the disputed facts in *Gilboy,* had never taken a position with respect to any of the issues raised in petitioner's suit, and had never been involved in a tobacco-related case "one way or another in my whole legal career." Tr. of

Status Conf. 9, App. to Pet. for Cert. 54a. See also Tr. of Proceeding 39–40, App. to Pet. for Cert. 50a–51a.

The Court of Appeals for the Fifth Circuit reversed, citing its prior decision reversing Judge Barbier's order denying recusal in *Republic of Panama I.* In that case, the Fifth Circuit said:

> "The fact that Judge Barbier's name was listed on a motion to file an amicus brief which asserted similar allegations against tobacco companies to the ones made in this case may lead a reasonable person to doubt his impartiality. Also, Judge Barbier was listed on this filing with the attorney who is currently representing the Republic of Panama. The trial judge's assertions that he did not participate directly in the writing or researching of the amicus brief do not dissipate the doubts that a reasonable person would probably have about the court's impartiality. We acknowledge that this is a close case for recusal." 217 F. 3d, at 347.

Judge Parker concurred, agreeing that the court was bound by its decision in *Republic of Panama I,* but arguing that that decision was "erroneous because it requires recusal on the basis of a judge's public statements on the law made prior to becoming a judge . . . ." *Republic of Panama II, supra,* at 318. Rehearing en banc was denied over the dissent of six judges, who argued that the decision below amounts to an "issue recusal" rule, requiring disqualification whenever a judge has pre-judicial association with a legal position. 265 F. 3d 299, 306 (2001) (joint dissent of Wiener and Parker, JJ.).

We need not consider the argument advanced by the dissenting judges, since this case is easily disposed of on other grounds. The Fifth Circuit's decision is inconsistent with *Liljeberg* v. *Health Services Acquisition Corp.,* 486 U. S. 847 (1988), which stated that §455(a) requires judicial recusal "if a reasonable person, *knowing all the circumstances,*

would expect that the judge would have actual knowledge" of his interest or bias in the case. *Id.*, at 861 (internal quotation marks omitted and emphasis added). The Fifth Circuit reached the conclusion that recusal was required because it considered what a reasonable person would believe *without* knowing (or giving due weight to the fact) that the judge's name was added mistakenly and without his knowledge to a *pro forma* motion to file an *amicus* brief in a separate controversy. Although Judge Barbier was indeed a leader of the LTLA at that time (he was a member of the association's executive committee), he took no part in the preparation or approval of the *amicus* brief; indeed, he was only "vaguely aware" of the case. Tr. of Status Conf. 8, App. to Pet. for Cert. 54a. The decision whether his "impartiality might reasonably be questioned" should not have been made in disregard of these facts; and when they are taken into account we think it self-evident that a reasonable person would not believe he had any interest or bias.

Accordingly, we grant the petition for certiorari, reverse the judgment of the Court of Appeals, and remand the case for proceedings consistent with this opinion.

*It is so ordered.*