United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 25, 2006**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 04-51298
Summary Calendar

JACOB TELLES,

Plaintiff – Appellant,

versus

THE CITY OF EL PASO,

Defendant – Appellee.

Appeal from the United States District Court
for the Western District of Texas
EP-03-CA-0528-KC

Before BARKSDALE, STEWART and CLEMENT, Circuit Judges.

CARL E. STEWART, Circuit Judge:[*]

Jacob Telles ("Telles") appeals the district court's denial of his motion for declaratory

judgment and motion to recuse Judge Kathleen Cardone. Telles's underlying lawsuit involved a 42

U.S.C. § 1983 claim, but the motions at issue in this appeal pertain to Telles's challenge to the legality

of the District Attorney Information Management System ("DIMS") in the City and County of El

Paso and a subsequent motion to recuse. For the following reasons, we are without jurisdiction to

---

[*]Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

review the district court's denial of the motion for declaratory judgment. We affirm the denial of the motion to recuse.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Early in the morning of December 26, 2001, El Paso police officers were dispatched to 5933 Via Norte Lane in El Paso, Texas, in response to an alleged fight. The officers, however, erroneously arrived at Telles's home at 5925 Via Norte Lane, where Telles was entertaining guests during a Christmas gathering. The officers entered Telles's home pursuant to the original dispatch; more than twenty minutes passed before the El Paso Police Department dispatcher notified the officers that they were at the wrong address. During the period that the officers remained in Telles's home, Telles repeatedly insisted that the officers leave. The officers eventually arrested him and subsequently charged him with assaulting a police officer. Telles alleges that this arrest was improper; he also claims that he was beaten and "sprayed" by El Paso police officers and later improperly detained.[1] This appeal, however, does not involve the substance of his § 1983 claim. Instead, it involves motions made in preparation for trial in the district court.

Telles initially filed a motion for declaratory judgment requesting the district court determine whether the DIMS program,[2] as used by the City and County of El Paso, violated Texas law and his constitutional rights. Specifically, Telles claims that because assistant district attorneys acting

[1]According to the record, Telles bases his § 1983 action on the following claims: excessive force, warrantless arrest, warrantless search of his residence, improper detention, malicious prosecution, false imprisonment, assault and battery, conspiracy and intentional infliction of emotional distress.

[2]The DIMS program was implemented in 1995 and is an agreement whereby members of the District Attorney's staff volunteer to be on duty for extra hours at night, on weekends, and on holidays in order to immediately screen cases presented to them, specifically warrantless arrests, for prosecution. The City of El Paso contributes to the County for wages accrued by these assistant district attorneys.

pursuant to the DIMS program allegedly authorized the filing of charges against him and set bond from an approved schedule, Telles was deprived of his right to have a magistrate make a finding of probable cause and set bond. The district court, however, noted in its order denying his motion for declaratory judgment that Telles had not complied with the district court's "Motion Filing Procedure Before Judge Cardone." This local rule provides that "'[t]he original motion and moving papers shall not be filed with this Court' but shall rather be 'serve[d] on all counsel.'" Determining that a motion for declaratory judgment is not exempt from this local rule, the district court denied the motion without prejudice to refiling. In a footnote in its order, the district court also cautioned Telles that his motion for declaratory judgment "appears to be a request to add additional counts despite plaintiff failing to specifically request amendment of the complaint . . . . [and that if] plaintiff refile[s] a similar request it should be in the form of a motion for leave to file an amended complaint."

The second subject of this appeal involves Telles's subsequent motion to recuse Judge Cardone pursuant to 28 U.S.C. §§ 144 and 455. He sought District Judge Kathleen Cardone's removal based on her involvement in 1995 with the El Paso Council of Judges, the governing body that voted in 1995 to approve the DIMS program and pre-set bond schedule. Telles also stated in his motion that he questioned Judge Cardone's impartiality because she is married to a retired El Paso police officer and had recently socialized with the El Paso District Attorney. Judge Cardone, however, denied Telles's motion and explained that she was not a voting member of the Council of Judges when it approved the DIMS program or enacted a pre-set bond schedule. Furthermore, the district court's order denying his motion to recuse also answered a personal attack on Judge Cardone by requiring "plaintiff's counsel . . . show cause . . . as to why he should not be sanctioned for

contempt for including [Judge Cardone's] personal home address in a publicly filed motion." This appeal stems from the denial of these motions.

## II. DISCUSSION

A. Motion for Declaratory Judgment

We review a district court's decision to dismiss or stay a federal declaratory judgment action under an abuse of discretion standard. *Sherwin-Williams Co. v. Holmes County*, 343 F.3d 383, 389 (5th Cir. 2003). Under the Federal Declaratory Judgment Act, a district court "may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a) (2005). The district court, however, is not compelled to exercise that jurisdiction. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 287 (1995). In fact, the Supreme Court has repeatedly characterized the Declaratory Judgment Act as "an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant." *Pub. Serv. Comm'n of Utah v. Wycoff Co.*, 344 U.S. 237, 241 (1952); *Green v. Mansour*, 474 U.S. 64, 72 (1985).

In this case, however, we do not reach the merits of the constitutionality of the DIMS program, nor do we determine if the district court abused its discretion in denying the motion for declaratory judgment. This court is without jurisdiction to do so. Prior to reaching the merits, a court of appeals must first verify that it has jurisdiction over the appeal. *Hernandez v. Tex. Dept. of Regulatory & Prot. Serv.*, 380 F.3d 872, 878 (5th Cir. 2004). Courts of Appeals have "jurisdiction of appeals from all final decisions of the district courts of the United States." 28 U.S.C. § 1291 (2005). In determining appellate jurisdiction, a "final decision" of a district court generally is one that ends the litigation and leaves nothing for the court to do but execute the judgment. *McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 350 (5th Cir. 2004) (citations omitted).

4

The case before us is an appeal from a denial of a motion without prejudice to refile; it is not a final judgment, as the order of the district court did not adjudicate or dispose of any substantive issues. *See Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546 (1949) (stating that "as long as the matter remains open, unfinished or inconclusive," the appellate court is without the power of review). Section 1292(a), however, does provide an exception to this final judgment requirement, as it allows for the appeal of certain interlocutory orders. 28 U.S.C. § 1292(a) (2005). This exception does not aid Telles because a motion for declaratory judgment is not one of the specified types of interlocutory orders subject to appeal in § 1292(a). *See id.*

Moreover, the reason Telles's motion for declaratory judgment was denied without prejudice is because he failed to follow the district court's rule that moving papers be served on counsel rather than filed directly with the district court. The district court did not even reach the merits of his motion. The district court's order denying Telles's motion for declaratory judgment does not conclusively determine a disputed question, and it also does not qualify this issue on appeal as a collateral order exception–an alternative route to jurisdiction in the absence of a final judgment.[3] *See Baldridge v. SBC Commc'n, Inc.*, 404 F.3d 930, 931 (5th Cir. 2005). Furthermore, § 1292(b) provides an additional exception to the final judgment rule,

> [w]hen a district judge . . . shall be of the opinion that such order involves a controlling question of law . . . that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

---

[3]"To come within the 'small class' of decisions [that fall within the collateral order exception], the order must conclusively determine the disputed question, resolve an important issue completely separate from the merits of the action, and be effectively unreviewable on appeal from a final judgment." *Baldridge v. SBC Commc'n, Inc.*, 404 F.3d 930, 931 (5th Cir. 2005).

28 U.S.C. § 1292(b) (2005). Federal Rule of Civil Procedure 54(b) provides yet another exception,

> the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. . . .

Fed. R. Civ. P. 54(b). These exceptions, however, are also unhelpful to Telles because the order denying his motion for declaratory judgment without prejudice has not been certified for interlocutory appeal under either § 1292(b) or Federal Rule of Civil Procedure 52(b). Therefore, because Telles cannot rely on an exception to the final judgment rule, we do not reach the merits of his appeal. Accordingly, we dismiss this appeal of the denial of the declaratory judgment motion for lack of appellate jurisdiction.

B. Motion to Recuse

Recusal is proper if the court determines that a reasonable person would perceive a significant risk that the judge will resolve the case on a basis other than the merits. *Sao Paolo State of Federative Republic of Braz. v. Am. Tobacco, Co.*, 535 U.S. 229, 232-33 (2002). "Th[e] recusal standard is objective; the relevant inquiry is whether a reasonable man, were he to know all the circumstances, would harbor doubts about the judge's impartiality." *Trevino v. Johnson*, 168 F.3d 173, 178 (5th Cir. 1999) (citation omitted). "We review a district court judge's decision not to recuse himself for abuse of discretion." *Trevino*, 168 F.3d at 178; *In re Hipp, Inc.*, 5 F.3d 109, 116 (5th Cir. 1993).

The issue of judicial disqualification is a sensitive one; it requires that we assess the relevant facts and circumstances to appropriately determine whether a judge's failure to disqualify herself

6

from a proceeding was an abuse of her judicial discretion. *See In re City of Houston*, 745 F.2d 925, 927 (5th Cir.1984) (citations omitted). Furthermore, 28 U.S.C. § 455 explains:

> (a) Any justice, judge, or magistrate judge of the United States shall disqualify himself . . . [if] his impartiality might reasonably be questioned.
> (b) He shall also disqualify himself in the following circumstances:
>> (1) Where he has a personal bias or prejudice concerning a party . . . ;
>> (2) Where in private practice he served as lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it;
>> (3) Where he has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy;
>> (4) He knows that he . . . has a financial interest in the subject matter in controversy or in a   party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding;
>> (5) He or his spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person:
>>> (i) Is a party to the proceeding, or an officer, director, or trustee of a party;
>>> (ii) Is acting as a lawyer in the proceeding;
>>> (iii) Is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding;
>>> (iv) Is to the judge's knowledge likely to be a material witness in the proceeding.

28 U.S.C. § 455 (2005). There must also be a reasonable factual basis for calling the judge's impartiality into question. *See United States v. Avilez-Reyes*, 160 F.3d 258, 259 (5th Cir. 1998). Such a factual basis exists if a judge has a personal bias or prejudice against a party, in favor of an adverse party, or about the subject matter of the suit. *Sao Paolo*, 535 U.S. at 232-33. In such a case,

7

the judge should recuse himself or herself. *In re City of Houston*, 745 F.2d at 927-28. This, however, is not such a case.

Telles's motion to recuse does not comply with 28 U.S.C. § 144, which clearly requires that a motion to recuse be supported by an affidavit of the party. 28 U.S.C. § 144 (2005). Affidavits of disqualification must be construed strictly "for form, timeliness, and sufficiency." *United States v. Womack*, 454 F.2d 1337, 1341 (5th Cir. 1972). In this case, Telles's attorney attached a signed affidavit, but because an affidavit of counsel is not sufficient, Telles's motion to recuse is procedurally invalid nothwithstanding its substance. *Davis v. Bd. of Sch. Comm'r of Mobile County*, 517 F.2d 1044, 1050-51 (5th Cir. 1975) (explaining that the term "party" as used in 28 U.S.C. § 144 does not include counsel).

Furthermore, even if Telles had followed proper procedure and provided his personal affidavit with his motion, his motion to recuse must still fail. In his motion, Telles called into question Judge Cardone's neutrality in this case and alleged: (1) she is married to a retired El Paso police officer who receives retirement benefits from the City of El Paso; (2) she was a member of the El Paso Council of Judges in 1995 when the DIMS program was approved by the Council; (3) as a member of the state court, she approved a pre-set bond schedule to be used in the DIMS program; and (4) she socialized with District Attorney and co-defendant, Jaime Esparza, during a celebration for El Paso Police Department Chief Richard Wiles.

Judge Cardone explained in her order denying the recusal motion that she is not an interested party to this action. Though she is married to a retired police officer and she was an Associate Judge in El Paso County in 1995, Judge Cardone corrected Telles's false impression of her association with the DIMS program by explaining that she did not vote on any action taken by the Council of Judges

8

and therefore did not vote on the DIMS program or approve a pre-set bond schedule. Judge Cardone denied that she had socialized with the District Attorney by stating that she neither attended the party, nor was she even aware that such a party took place in the Police Chief's honor. In closing, Judge Cardone reiterated her neutrality and denied Telles's motion to recuse because there no longer existed a reasonable question as to her impartiality.

Viewing this issue on appeal from an objective, reasonable person standard, we agree that no bias exists. *See Phillips v. Joint Legisl. Comm.*, 637 F.2d 1014, 1019 (5th Cir. 1981); *Avilez-Reyes*, 160 F.3d at 259 ("The standard by which we judge recusal is an objective one."). Judge Cardone did not abuse her discretion in denying Telles's motion to recuse. She specifically addressed and subsequently explained and dismissed each of Telles's concerns as to her potential bias. The appearance of partiality, much less the existence of *actual* partiality, is absent from this appeal. *United States v. Jordan*, 49 F.3d 152, 155 (5th Cir 1995). This case does not present a risk of undermining the public's confidence in the judicial process nor does it present a risk of injustice to the parties in this case or in other cases. *In re Continental Airlines*, 981 F.2d 1450, 1462 (5th Cir. 1995). Therefore, we affirm the district court's determination regarding Telles's motion to recuse.

## III. CONCLUSION

For the foregoing reasons, we do not reach the merits of Telles's appeal on the order denying his motion for declaratory judgment and we AFFIRM the district court's denying the motion to recuse.