# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-20225
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

September 23, 2014

KERYL DOUGLAS,

Lyle W. Cayce
Clerk

Plaintiff - Appellant

v.

HOUSTON HOUSING AUTHORITY; ERNIE ETUK,

Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:13-CV-61

Before KING, JOLLY, and HAYNES, Circuit Judges.

PER CURIAM:*

Plaintiff-Appellant, Keryl L. Douglas appeals the district court's order granting summary judgment in favor of Defendants-Appellees, Houston Housing Authority ("HHA") and Ernie Etuk, HHA's former President and CEO (HHA and Etuk collectively, "Defendants"). Douglas further appeals the district court's order granting Defendants' motion for attorneys' fees. This appeal is part of the third lawsuit that Douglas has filed against HHA and

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-20225

Etuk, which have all been related to her brief employment with, and termination from, HHA. Douglas raises a number of arguments as to why the orders granting summary judgment and attorneys' fees were inappropriate. For the reasons discussed below, we AFFIRM the judgment of the district court.

## I.   FACTUAL AND PROCEDURAL BACKGROUND[1]

In August of 2009, HHA hired Douglas to serve as Director of Intergovernmental Affairs and Grant Writer. In October of 2009, Etuk, HHA's President and CEO at the time, promoted Douglas to the position of Director of Houston Housing Resource, Inc. ("HHR"). On January 28, 2010, Douglas sent correspondence to the United States Department of Housing and Urban Development, wherein she alleged thirty instances of organizational wrongdoing. On January 29, 2010, Douglas sent an email to HHA's human resources director alleging that her supervisor had created a hostile work environment and had treated Caucasian employees more favorably than those of other races. Douglas was placed on leave, with pay, during the pendency of HHA's investigation of the allegations. On February 2, 2010, following the conclusion of HHA's investigation, Etuk terminated Douglas's employment due to her unwillingness or inability to accept the authority and direction of her supervisors.

On May 3, 2010, Douglas filed her first lawsuit ("Douglas I") against HHA and Etuk in the 190th Judicial District Court, Harris County, Texas. Douglas asserted six state law claims arising from her employment and termination from HHA. Both Defendants sought dismissal of all claims in Douglas I. On May 11, 2011 the court dismissed Douglas I, with prejudice, in

---

[1] This case has a long and convoluted history, most of which is not necessary to dispose of this appeal. Accordingly, we will discuss only the facts necessary to our consideration of this appeal.

its entirety. On May 30, 2013, the First Court of Appeals in Houston affirmed the dismissal of her claims.

On April 15, 2011, Douglas filed her second lawsuit ("Douglas II") against HHA and Etuk (and sixteen other defendants) in the 129th Judicial District Court, Harris County, Texas. Once again, Douglas alleged claims related to her employment and termination from HHA. On April 28, 2011, Douglas II was removed to the United States District Court for the Southern District of Texas and assigned to Judge Lynn N. Hughes. On December 9, 2012, the district court dismissed Douglass II in a written order, which denied Douglas's motion to recuse, dismissed with prejudice all of Douglas's claims against HHA and Etuk for failure to state a claim, and sanctioned Douglas in the amount of $4,200. On April 3, 2013, this court dismissed Douglas' appeal in Douglas II, because Douglas failed to file the required brief and record excerpts.

On May 8, 2012, Douglas filed the present action ("Douglas III") in the 281st Judicial District Court, Harris County, Texas, and initially asserted only state law claims against HHA and Etuk. On January 9, 2013, after Douglas amended her state court petition to add both a Title VII and 42 U.S.C. § 1981 claim, HHA and Etuk removed the action to federal court, where it was originally assigned to Judge Gray H. Miller. On January 23, 2013, Judge Hughes consolidated Douglas II and Douglas III. On February 26, 2013, Douglas filed a motion seeking Judge Hughes's recusal and a stay. During a hearing on this motion, Douglas also asked that Douglas III be severed from Douglas II. The district court denied the motion seeking a recusal and a stay, but ordered that the two cases be severed. No further action in the district court ensued in Douglas II. On March 26, 2013, the district court entered summary judgment in Douglas III in favor of the Defendants. On April 9, 2013, HHA filed a Motion for Attorneys' Fees. On

No. 13-20225

April 24, 2013, Douglas filed her Notice of Appeal related to the dismissal of her claims. On May 3, 2013, the district court granted HHA's motion and ordered that Douglas pay $30,591 in attorneys' fees. Douglas has not filed a notice of appeal related to the order granting the Defendants attorneys' fees.

## II.    STANDARD OF REVIEW

We review a district court's grant of summary judgment *de novo*, applying the same standard as the district court. *Shields v. Twiss*, 389 F.3d 142, 149 (5th Cir. 2004). More specifically, "summary judgment is proper 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Id.* (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). We review the district court's case management decisions, including decisions related to recusal, discovery, consolidation, and attorneys' fees, for abuse of discretion. *See Andrade v. Chojnacki*, 338 F.3d 448, 454 (5th Cir. 2003) ("The judge abuses his discretion in denying recusal where a reasonable man, cognizant of the relevant circumstances surrounding [the] judge's failure to recuse, would harbor legitimate doubts about that judge's impartiality.") (internal citation and quotation marks omitted); *Ctr. for Biological Diversity, Inc. v. BP Am. Prod. Co.*, 704 F.3d 413, 432 (5th Cir. 2013) ("The trial court's managerial power is especially strong and flexible in matters of consolidation.") (internal citation and quotation marks omitted); *Ackerson v. Bean Dredging LLC*, 589 F.3d 196, 209 (5th Cir. 2009) (discovery); *Mathis v. Exxon Corp.*, 302 F.3d 448, 462–63 (5th Cir. 2002) (attorneys' fees).

## III.    ANALYSIS

We first address two overarching issues. First, Douglas appears to use her appellate brief as an opportunity to attack the final judgment entered in Douglas II. The res judicata doctrine prevents her from attacking the final

4

judgment in Douglas II here.  *See e.g. Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981) ("A final judgment on the merits of an action precludes the parties . . . from relitigating issues that were or could have been raised in that action.").  Second, Douglas repeatedly argues that the district court made dozens of errors throughout the proceedings below.  While she alleges generally that genuine issues of material fact exist, she does not point to any specific issue. Accordingly, her argument that summary judgment was inappropriate because fact issues exist fails.  *See Celotex Corp.*, 477 U.S. at 323.

We next turn to Douglas's five arguments regarding the district court's management of the proceedings below.[2]  First, Douglas argues that the district court erred when it denied her motion to remand.  However, 28 U.S.C. § 1441 allows defendants to remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."  Accordingly, when Douglas chose to amend her state court pleadings to assert federal claims, the defendants were permitted, as they chose to do, to remove the case to federal district court.

Next, Douglas argues that Judge Hughes erred when he denied her motion to recuse.  Under 28 U.S.C. § 144, "[w]henever a party . . . makes and files a timely and sufficient affidavit that the judge . . . has a personal bias . . . against him . . . such judge shall proceed no further therein."  In order for the affidavit to be legally sufficient, "[t]he facts must be such that, if true, they would convince a reasonable person that bias exists," and "[t]he facts must show the bias is personal, as opposed to judicial in nature."  *Phillips v. Joint Legislative Comm. on Performance & Expenditure Review of Miss.*, 637 F.2d 1014, 1019 (5th Cir. 1981).  Furthermore, under 28 U.S.C. § 455(a), a judge

---

[2] Douglas attempts to make eleven arguments; however, six are duplicative of the five that we discuss.

should recuse himself "in any proceeding in which his impartiality might reasonably be questioned."  "In order to determine whether a court's impartiality is reasonably in question, the objective inquiry is whether a well-informed, thoughtful and objective observer would question the court's impartiality." *Republic of Panama v. Am. Tobacco Co.*, 217 F.3d 343, 346 (5th Cir. 2000) (quoting *Trust Co. v. N.N.P.*, 104 F.3d 1478, 1491 (5th Cir. 1997)).

Douglas contends, without citation to the record, that the district judge called her "insane," that he "made statements on the record and in his opinions that he knew or should have known were unfair . . . attempts to . . . to intentionally disparage [Douglas's] professional reputation . . . ," and that "he would defeat even Douglas' state litigation."  Appellant's Br. 37–38.  Despite this, a judge who presides over a case is not recusable for bias even if he is "exceedingly ill disposed towards [a party]," if that opinion was acquired during the proceedings.  *Liteky v. United States*, 510 U.S. 540, 550–51 (1994).  In fact, under §§ 144 and 455, "judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel . . . ordinarily do not support a bias or partiality challenge."  *Id.* at 555.  Based on our independent review of the voluminous record, Douglas has not shown that a "well-informed, thoughtful and objective observer would question the court's impartiality," *Republic of Panama*, 217 F.3d at 346; accordingly, the district court did not abuse its discretion when it denied Douglas' motion to recuse.

Next, Douglas challenges the consolidation of Douglas III with Douglas II.  It is true that the "filing of a notice of appeal . . . confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Sanders v. La. Div. of Admin.*, 551 F. App'x. 95, 98 (5th Cir. 2013) (unpublished) (internal citations and quotation marks omitted).  Accordingly, since a notice of appeal had been filed in Douglas II, the district court should not have consolidated Douglas III with Douglas II.

However, "consolidation is improper [only] if it would prejudice the rights of the parties." *St. Bernard Gen. Hosp., Inc. v. Hosp. Serv. Ass'n of New Orleans, Inc.*, 712 F.2d 978, 989 (5th Cir. 1983). Douglas II and Douglas III were consolidated for approximately one month. The Defendants' dispositive motion, Douglas' responsive briefing, and the district court's order of dismissal were all docketed under Douglas III. Douglas does not point to any evidence in the record that she was prejudiced as a result of the mistaken consolidation.[3] Furthermore, the district court did not abuse its discretion when it transferred the case from Judge Gray. *See United States v. Osum*, 943 F.2d 1394, 1399 (5th Cir. 1991) ("The trial court has broad discretion in determining whether a transfer is warranted."). Since Douglas does not make a "strong showing that the [transfer was] prejudicial," *id.*, the transfer from Judge Gray to Judge Hughes was proper.

Next, Douglas argues that the district court erred because it granted summary judgment before she had an opportunity to conduct discovery or amend her complaint. Douglas does not point to any place in the record showing that she actually moved for additional discovery or an opportunity to amend. Accordingly, this argument fails.

Finally, Douglas challenges the district court's order granting attorneys' fees to the defendants. However, this argument is foreclosed because Douglas failed to file a notice of appeal addressing the attorneys' fees issue. Although a mistake "in designating a judgment appealed . . . should not bar an appeal if

---

[3] Douglas cites *United Student Aid Funds., Inc. v. Espinosa*, 559 U.S. 260 (2010) for the proposition that the district court's error in consolidating Douglas II and Douglas II voided the judgment in this case. But *Espinosa* is inapposite, as the Court was considering a motion under Federal Rule of Civil Procedure 60. Moreover, the Court held that a judgment can be voided pursuant to that Rule only in the "rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to heard." *United Student Aid Funds., Inc.*, 559 U.S. at 271 (citing *Kocher v. Dow Chemical Co.*, 132 F.3d 1225, 1229 (9th Cir. 1997)).

No. 13-20225

the intent to appeal a particular judgment can be fairly inferred," *Friou v. Phillips Petroleum Co.*, 948 F.2d 972, 974 (5th Cir. 1991), that is not the case here.  On April 24, 2013, Douglas filed a notice of appeal "from the Final Judgment, Orders and Opinions" of the district court.  However, the district court's order awarding attorneys' fees was not entered until May 3, 2013. Douglas did not file an additional notice of appeal covering this order. Accordingly, the intent to appeal the award of attorneys' fees cannot be fairly inferred, and as such, she is barred from appealing this issue.  *See id.*; *see also* 15B Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Juris. § 3915.6 (2d ed.) ("[A] separate appeal must be taken from [a] fee order.").

## IV.    CONCLUSION

For the foregoing reasons, the judgment of the district court is AFFIRMED.