| j ORDER
Defendants filed a Motion to Recuse Justice Jeannette Theriot Knoll and a Motion to Recuse Justice Jefferson D. Hughes. Justices Knoll and Hughes declined to recuse themselves, and the motions were considered by the court pursuant to La.Code Civ. P. art. 159. Considering the motions,
IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the motions to recuse Justice Jeannette Theriot Knoll and Justice Jefferson D. Hughes be and hereby are granted.
FOR THE COURT:
/s/ Bernette J. Johnson /s/ Justice, Supreme Court of Louisiana
Notation for the Record by KNOLL, J.
| j Because four members of this Court have voted to recuse me where recusal is neither required nor provided for in the Louisiana Code of Civil Procedure, I -write to object to its order of recusal. I am compelled by my sworn duty to the people of this State who elected me to express my sincere concern that the highest Court in Louisiana would arbitrarily act with reckless disregard to countenance the unprofessional tactics of the special interest group which has filed the present motion to recuse me. This is truly regrettable. The four members of this Court who voted to recuse me rely on no rule or law. They cannot because none exists. Where Louisiana Code of Civil Procedure Article 151(A)(4) requires a showing of actual bias or prejudice, this Court obsequiously relies on conclusory speculation advanced by the defendants who alone have an interest in this case.[1] I have no interest in this case other than to judge it fairly and impartially based on the law of this State and the evidence in the case. I have been a jurist for thirty-two years, and my integrity and my ability to be fair and impartial to the litigants has only been questioned by this special interest group. This motion reflects only this special interest group’s aggressive efforts at judge-shopping as there exist no legitimate grounds for my recusal. The Court’s decision creates a dangerous *39 precedent 12whereby a member of the judiciary elected, by the people of this State can be deprived of her judicial faculties based not on the law but on absolutely unsubstantiated and offensive conjecture. At the behest of defendants, this Court has engaged in a high-handed attempt not only to manipulate the outcome of this case but also to disenfranchise the voters of my district who have elected and re-elected me. The federal courts review a court’s decision on a recusal motion for an abuse of discretion.[2] Because the Court’s decision in this case is not grounded in law and is arbitrarily made without defendants providing the requisite, showing of actual prejudice, the Court’s recusal order is certainly .an abuse of discretion that would.be overturned by any reviewing federal court. Moreover, this recusal order — which implicates both federal substantive ■ and procedural due process rights denied to plaintiffs,[3] to the disenfranchised, voters of my district,[4] and to me[5] — may be constitutionally infirm and, therefore, redressible. in the United States Supreme Court-by a writ of certiorari.
My husband,-Eddie, who was a successful lawyer long before I was elected as a judge in 1982 and continues to be so because he is smart and. honest, has practiced in virtually every area of law. He has an AV dating with Martindale-Hub-bellj he is a- Fellow in the American Board of Trial Advocates, and he is also a Fellow in the International Academy of Trial Lawyers. He has been a member of the Louisiana State Bar since 1966, and he served Avoyelles Parish honorably for thirty years as District Attorney. Significantly, my husband is not involved in the above-captioned case. All cases I rule on affect Louisiana jurisprudence which my 1 «husband and his law firm apply in the practice of law. Following defendants’ assertion to its logical conclusion, I should have' been recused from every case I have ever judged. This is an absurdity and shows the aggressiveness reflected in the defendants’ motion to recuse.
. Since I took my oath of office in 1983,1 have served the judiciary to the best of my dedicated- ability and with the utmost integrity. Twill continue4o serve the judiciary and the people of this State evenhandedly, courageously, and patiently with a clear head and with strong traces of common sense and kindness.

. Covington v. McNeese State University, 10-0250, pp. 2-3 (La.4/5/10), 32 So.3d 223, 224-25 ("In interpreting La.Code Civ. P. art. 151, the jurisprudence has held the article 'requires a finding of actual bias or prejudice,' which ‘must be of a substantial nature and based on more than conclusory allegations.’ ”).

. See Republic of Panama v. American Tobacco Co. Inc., 217 F.3d 343, 346 (5th Cir.2000).

. Broudy v. Mather, 460 F.3d 106, 117 (D.C.Cir.2006) ("The Supreme Court has long recognized that citizens have a right of access to the courts ... Furthermore, '[t]he right not only protects the ability to get’ into court, but also ensures that such access be adequate, • effective, and meaningful.’ ’’).

. Illinois State Bd. of Elections v. Socialist Workers Party, 440 U.S. 173, 184, 99 S.Ct. 983, 990, 59 L.Ed.2d 230 (1979) ("And for reasons too self-evident to warrant amplification here, we have often reiterated that voting is of the most fundamental significant under our constitutional structure.”); Burdick v. Takushi, 504 U.S. 428, 433, 112 S.Ct. 2059, 2063, 119 L.Ed.2d 245 (1992) (discussing when to apply the rational basis test and when to apply strict scrutiny when the state imposes a burden on the right to vote).

.Sims v. Fox, 505 F.2d 857, 862 (5th Cir.1974) (“It is, of course, established law that a governmental attack on one’s 'good name, reputation, honor, and community standing’ can be a deprivation of ‘liberty’; within the meaning of the Fifth and Fourteenth Amendments .... One's 'good name, reputation, hon- or, and community standing’ cannot be taken from him, the Court said, without a hearing in which the truth of the posted matter may be tested.”).