# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-30323
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
November 27, 2019

Lyle W. Cayce
Clerk

THE KING/MOROCCO,

> Plaintiff - Appellant

v.

BANNER OF N.O., L.L.C., Incorrectly identified as Banner Chevrolet,

> Defendant - Appellee

Appeal from the United States District Court
Eastern District of Louisiana
USDC No. 2:18-CV-8952

Before STEWART, HIGGINSON, and COSTA, Circuit Judges.

PER CURIAM:*

The district court granted Defendant-Appellee's unopposed motion to dismiss Plaintiff-Appellant's suit pursuant to Rule 12(b)(6) for failure to state a claim. *See* Fed. R. Civ. P. 12(b)(6). Because the district court did not enter a final appealable judgment, we dismiss for lack of appellate jurisdiction.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-30323

## I. Facts & Procedural History

Myron Simms[1] (Simms) worked as a salesman for Banner of N.O., L.L.C.[2] (Banner) for a little over a month, from March 9 through April 19, 2018. According to Simms, he was pressured to cut his beard off on more than one occasion, he was questioned about taking a car off of lot from another dealership (who he labels a co-conspirator to Banner), and then Banner terminated him on grounds that he did not "fit into the mold, constraints, and confines of the company." Simms filed suit *pro se* in the district court claiming that he sustained injuries, damages, and pain and suffering as a result of Banner's fraud, collusion, conspiracy, genocide and slanderous defamation. Simms sought to enforce the Morocco Constitution, International Human Rights Law, the Treaty of Tripoli, the United Nations Declaration on the Rights of Indigenous People, and the Universal Declaration of Human Rights. He prayed for $3 million in certified gold bars in damages.

Banner filed a 12(b)(6) motion to dismiss for failure to state a claim. The district court ordered Simms to file a memorandum in opposition to the motion at least 8 days prior to the hearing on the motion that was set for January 8, 2019. The district court further instructed Simms to file an Amended Complaint no later than March 22, 2019. Simms filed neither and on April 2, 2019, the district court granted Banner's motion and dismissed Simms' claims without prejudice. Simms filed this appeal.

## II. Discussion

"The courts of appeals . . . shall have jurisdiction of appeals from all final decisions of the district courts of the United States." 28 U.S.C. § 1291. In

---

[1] Simms refers to himself in his pleadings as "The King/Morocco" but provided the name "Myron Simms" on his employment application and will hereinafter be referenced as "Simms."

[2] Banner of N.O., L.L.C. is incorrectly listed as Banner Chevrolet in the pleadings and will hereinafter be referenced as "Banner."

determining appellate jurisdiction, we have stated that "[a] final decision generally is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 350 (5th Cir. 2004) (internal quotation marks and citations omitted). Here, however, we have an appeal from grant of a motion to dismiss without prejudice to refile. It is not a final judgment because "the district court did not adjudicate or dispose of any substantive issues on the merits." *See Telles v. City of El Paso*, 164 F. App'x 492, 495 (5th Cir. 2006) (unpublished); *see also Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546 (1949) ("So long as the matter remains open, unfinished or inconclusive, there may be no intrusion by appeal."); *Ameser v. Nordstrom Inc.*, 368 F. App'x 504, 507 (5th Cir. 2010) ("Each case requires an examination of the finality of the underlying order."). Consequently, we do not have jurisdiction to review the district court's judgment dismissing Simms' claims without prejudice.

### III. Conclusion

We dismiss this appeal for lack of appellate jurisdiction.

APPEAL DISMISSED.