# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 25, 2020

Lyle W. Cayce
Clerk

No. 20-30078
Summary Calendar

Umbrella Investment Group, L.L.C.;
Lawrence Q. Robertson; Micco D. Johnson;
Jarmarritt Alexis; Eugene Pierre Steib;
Valvenia R. Joseph; Leonard Robertson, III;
Gregory Williams; Detrell Edmonds,

*Plaintiffs—Appellants*,

*versus*

Wolters Kluwer Financial Services, Incorporated,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:19-CV-2156

Before Jolly, Jones, and Southwick, *Circuit Judges*.

Per Curiam:

Umbrella Investment Group, L.L.C., and certain of its board members (collectively, "UIG") appeal the dismissal of their complaint for failure to state a claim, contending that UIG has stated claims for fraud and detrimental reliance. We disagree and thus AFFIRM the district court's judgment.

No. 20-30078

In November 2014, Umbrella Investment Group, L.L.C., obtained a loan from Pedestal Bank, which the investors guaranteed, to pay for property to build a sports bar. When the loan came up for renewal, the bank informed the company that the property was in a special flood hazard area and required flood insurance. The company was unable to afford flood insurance, and the bank foreclosed on the property.

Thereafter, UIG sued Wolters Kluwer Financial Services, Inc. ("Wolters Kluwer"). According to UIG, at the time of the loan, Wolters Kluwer provided the plaintiffs and Pedestal Bank "written certification that the property subject to the loan was not in a flood hazard area that required flood insurance under FEMA regulations pursuant to the Flood Disaster Protection Act of 1973." Further, the plaintiffs maintained "on information and belief" that Wolters Kluwer "knew that the property was in a flood hazard area and deliberately, fraudulently, and falsely failed to disclose this information."

In the district court, Wolters Kluwer moved to dismiss the case under Federal Rule of Civil Procedure 12(b)(6), contending that the plaintiffs failed to state a claim by alleging fraud without the specificity required by Rule 9(b). UIG responded that its "Complaint spells out the specific and particular details of the circumstances and related facts of the fraud claim." The district court granted the 12(b)(6) motion and then rendered judgment in favor of Wolters Kluwer while stating that "all claims in the above-captioned matter are **DISMISSED WITHOUT PREJUDICE**." UIG timely appealed.

To start, Wolters Kluwer denies that we have jurisdiction over this appeal. Because "the district court granted a Rule 12(b)(6) motion and dismissed the claims without prejudice," Wolters Kluwer contends, "the district court made no ruling on the merits and the without prejudice

dismissal is not a final judgment." The conclusion pressed is that, without a final judgment, appellate jurisdiction under 28 U.S.C. § 1291 is lacking here.

We disagree. The district court entered judgment dismissing "all claims in the above-captioned matter," and a judgment dismissing all claims is a judgment dismissing an action. As one court has explained, "[t]he dismissal of an action – whether with or without prejudice – is final and appealable." *Ciralsky v. C.I.A.*, 355 F.3d 661, 666 (D.C. Cir. 2004). Alternatively, the judgment *should* be read that way because, as another court stated, it "looks both ways." *Hoskins v. Poelstra,* 320 F.3d 761, 764 (7th Cir. 2003). In *Hoskins,* similar to this case, the district court dismissed a "complaint" "without prejudice," ordinarily a nonfinal decision, while issuing a "final" judgment in the defendants' favor under Rule 58. *Id.* at 763. To avert traps for the unwary in ambiguous cases, we treat the court's decision/judgment on "all claims" as final and appealable.

This conclusion is undisturbed by our court's non-precedential opinion in *King/Morocco v. Banner of N.O., L.L.C.*, 786 F. App'x 27 (5th Cir. 2019), which Wolters Kluwer cites. According to that opinion, "an appeal from grant of a motion to dismiss without prejudice to refile . . . is not a final judgment because 'the district court did not adjudicate or dispose of any substantive issues on the merits.'" *Id.* (quoting *Telles v. City of El Paso*, 164 F. App'x 492, 495 (5th Cir. 2006) (unpublished)).[1] Whatever the merit of the internally quoted principle, though, it cannot be applied, as *King/Morocco*

---

[1] *Telles* is not only non-precedential, but also clearly distinct. It involved "an appeal from a *denial* of a motion without prejudice to refile." 164 F. App'x 492, 495 (5th Cir. 2006) (emphasis added). Such a decision is likely to be "tentative, informal or incomplete" and thus unappealable under *Cohen v. Beneficial Indus. Loan Corp.,* 337 U.S. 541, 546, 69 S. Ct. 1221, 1225 (1949), as well noted in *Telles*, 164 F. App'x at 495. *Cohen* is also cited in *King/Morocco*, but there its only work is to announce a general principle not clearly applicable to the case at hand. *See* 786 F. App'x at 28.

applies it, out of line with the Supreme Court's holding in *United States v. Wallace & Tiernan Co.* In that case, the fact "[t]hat the dismissal was without prejudice to filing another suit [did] not make the cause unappealable, for denial of relief and dismissal of the case ended this suit so far as the District Court was concerned." 336 U.S. 793, 794 n.1, 69 S. Ct. 824, 825 n.1 (1949). In this case, too, the district court denied relief, dismissed the case, and ended this suit so far as the court was concerned. Under *Wallace*, such disposition is final and appealable.

On appeal, the central question is whether the district court erred in ruling that UIG failed to state a claim for fraud. Reviewing de novo, we accept "all well pleaded facts as true and view[ ] those facts in the light most favorable to the plaintiff." *Toy v. Holder*, 714 F.3d 881, 883 (5th Cir. 2013) (quoting *Bustos v. Martini Club, Inc.,* 599 F.3d 458, 461 (5th Cir. 2010)). Still, we agree with the district court.

"In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Of course, as UIG notes, "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." *Id.* Moreover, "[i]f the facts pleaded in a complaint are peculiarly within the opposing party's knowledge, fraud pleadings may be based on information and belief." *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1068 (5th Cir. 1994). All the same, "this luxury 'must not be mistaken for license to base claims of fraud on speculation and conclusory allegations.'" *Id.* (quoting *Wexner v. First Manhattan Co.,* 902 F.2d 169, 172 (2d Cir.1990)).

In this case, the only relevant fact that UIG has alleged beyond what little it alleges "on information and belief" is that Wolters Kluwer provided "written certification that the property subject to the loan was not in a flood hazard area that required flood insurance under FEMA regulations pursuant

No. 20-30078

to the Flood Disaster Protection Act of 1973." That fact alone can ground nothing more than speculation as to the cause of the error, and therefore, UIG has failed to state a claim for fraud.

A similar fate meets the rest of the appeal. UIG contends that the district court should have allowed it to amend its fraud claim and that it has stated a claim for detrimental reliance under Louisiana law. Neither issue was presented to the district court,[2] however, and neither will be considered first on appeal.[3] *See Kirschbaum v. Reliant Energy, Inc.*, 526 F.3d 243, 257 (5th Cir. 2008).

Finding no error in the district court's judgment, we **AFFIRM**.

---

[2] For a contrasting example, see the only case cited by UIG, in which the plaintiffs "asked the court [in their opposition to the defendant's motion to dismiss] to grant them leave to amend in the event that the complaint failed to 'comply with the federal rules.'" *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996).

[3] In a future order, to alleviate any possible confusion, a district judge might, in his discretion, invite a party to replead within 14 days.